**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 120445

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tina Rodgers,<br><br>              Plaintiff,<br><br>vs.<br><br>Professional Claims Bureau, Inc.,<br><br>              Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Tina Rodgers (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Professional Claims Bureau, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Tina Rodgers is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Professional Claims Bureau, Inc., is a New York  with a principal place of business in Nassau County, New York.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Plaintiff was injured in a work-related incident on November 5, 2019.

15. Plaintiff was insured under New York's Workers Compensation Insurance system through her employer.

16. As a result of the injury, Plaintiff was taken to the emergency room at Northwell Health Lenox Hill ("Northwell").

17. Plaintiff advised Northwell that she was injured in the course of her employment.

18. Plaintiff provided Northwell with the Workers Compensation claim number.

19. At an exact time known only to Defendant, a bill for the services rendered to Plaintiff at Northwell totaling $2,264.04 (the "alleged Debt") was assigned or otherwise transferred to Defendant for collection.

20. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

21. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter dated September 9, 2020 ("the Letter"). (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

23. The Letter conveyed information regarding the alleged Debt.

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

26. The Letter was received and read by Plaintiff.

27. New York State's Workers Compensation Insurance System does not permit insureds to be billed for balances not paid.

28. The alleged Debt represents such unlawful balance billing.

29. By sending a collection letter to Plaintiff to collect on the alleged Debt, Defendant misrepresented the legal status of the debt as collectible, when it was not.

30. Defendant violated 15 U.S.C. §§1692e and 1692f and is liable to Plaintiff therefor.

31. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## JURY DEMAND

32. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Finding Defendant's actions violate the FDCPA; and

    b. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    c. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Granting Plaintiff's costs; all together with

    e. Such other relief that the Court determines is just and proper.

Barshay Sanders PLLC

DATED: September 30, 2020

        **BARSHAY SANDERS, PLLC**

        By:  /s/ *Craig B. Sanders*
        Craig B. Sanders, Esquire
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 120445

